UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER SCHLUTER,

            Plaintiff,                        Civil Action No. 19-cv-13092

v.                                         Honorable Bernard A. Friedman
                                              Magistrate Judge David R. Grand
ENCORE REHABILITATION SERVICES,
LLC, Drita (LNU), and Morgan Decker,

            Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT (ECF No. 26)**

This is an employment discrimination case brought by *pro se* Plaintiff Jennifer Schluter ("Schluter") against her former employer, Encore Rehabilitation Services, LLC, and two of its employees (collectively, "Defendants"). The Court entered an Order of Reference on May 11, 2020, referring all pre-trial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 23.) Schluter's complaint asserts sex and race discrimination claims under Title VII, 42 U.S.C.A. § 2000e *et seq*., and a claim under the Fair Labor Standards Act ("FLSA") of 1938, § 6 as amended, 29 U.S.C.A. § 206.[1]

On July 12, 2020, Defendants filed a Motion to Partially Dismiss Plaintiff's Complaint, in which they raise two distinct issues. (ECF No. 26.) First Defendants argue that because Schluter's EEOC charge only mentioned alleged race discrimination, her Title VII sex discrimination claim is not properly exhausted and must be dismissed. Second, Defendants argue that Schluter's complaint was untimely filed. Schluter responded, Defendants replied, and Schluter filed a sur-

---

[1] On October 22, 2019, Schluter filed two complaints in this Court covering essentially the same allegations: Case Nos. 13-13090 and 13-13092. The complaints have been consolidated in the above-captioned action, Case No. 13-13092. (*See* Case No. 13-13090, ECF No. 9.)

reply.  (ECF Nos. 27, 33, 34.)  The Court held a hearing on the matter on October 7, 2020.

## I.   RECOMMENDATION

For the reasons stated below, the Court **RECOMMENDS** that the Defendants' motion to partially dismiss Schluter's complaint (**ECF No. 26**) be **GRANTED**, and that Schluter's race and sex discrimination claims under Title VII be dismissed in their entirety, leaving only her claim under the FLSA.

## II.   REPORT

### A.  Background

Encore Rehabilitation Services, LLC ("Encore") employed Schluter as a physical therapist assistant for more than six years.  (ECF No. 1.)  Schluter provided physical therapy services to residents by assisting in the assessment, treatment, program planning, and implementation of treatment for residents.  (*Id.*, PageID.7-8.)  On May 2, 2019, Encore modified Schluter's employment status from full-time to PRN (Pro Re Nata), or "as needed."  (*Id.*, PageID.11.)  While not entirely clear, Schluter appears to allege that this was tantamount to a termination.  (*Id.*, PageID.3.)

On May 30, 2019, Schluter filed a Charge of Discrimination with the EEOC against Encore alleging race discrimination.  (*Id.*, PageID.13.)  The Charge, which bears Schluter's digital signature, alleged only race discrimination and made no mention whatsoever – not even a hint – of sex discrimination:

> I began my employment with the above-named employer [Encore] on October 8, 2012, and my most recent position is Physical Therapy Assistant.
>
> Throughout my employment I have been harassed by Managers at [Encore]. Examples of the harassment are my schedule constantly being changed, patients taken away from me, refusing to work with me, amongst other instances.  **They did not treat race, White PT Assistants in the same manner.** I also believe **I was being paid lower wage than white PT**

**Assistants.**  In August of 2018, **I was disciplined for a patient complaint and White PT Assistants who have had complaints were not disciplined.** Additionally, in May 2019, I was removed from the location I was working at and demoted.

I believe I was harassed, disciplined, demoted and paid less **based on my race, Black,** in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*) (emphasis added).  In the section of the Charge entitled "DISCRIMINATION BASED ON (check appropriate box(es))" only the box for "RACE" is checked.  (*Id.*)  The box for "SEX" is not checked.  (*Id.*)

On July 16, 2019, the EEOC issued a Dismissal and Notice of Rights letter (the "right-to-sue letter") to Schluter dismissing her Charge.  (*Id.*, PageID.15.)  The right-to-sue letter advised Schluter, "You may file a lawsuit against [Defendants] under federal law based on this charge in federal or state court.  Your lawsuit **must be filed "WITHIN 90 DAYS of your receipt of this notice**, or your right to sue based on this charge will be lost." (*Id.*) (emphasis in original.)  Schluter attached to her complaint the envelope in which the letter was sent, and it bears a postmark of July 17, 2019.  (*Id.*, PageID.16.)  The envelope contains a handwritten note that states, "Keep for records; Notice of Right to Sue and Dismissal letter of case from EEOC for Encore as of 7/16/19." (*Id.*, PageID.16.)  Another handwritten note on the envelope reads "sue asap." (*Id.*)  Another handwritten note seems to indicate receipt "As of 7/20 19." (*Id.*)  Although the writing is partially cut off, Schluter later provided a copy of the entire envelope which confirms the quote.  (ECF No. 34, PageID.153.)  In addition, when Schluter wrote back to the EEOC on August 5, 2019, complaining about the denial of her claim, she wrote: "Although the Right-to-suit letter is dated July 16, 2019, it was not postmarked until July 17, and **I received the Right-to-suit letter July 20, 2019** (see attached)." (ECF No. 1, PageID.12) (emphasis added.)

Schluter filed her federal court complaint on October 22, 2019.  (ECF No. 1.)  Defendants

have moved to dismiss Schluter's sex discrimination claim, arguing that because her EEOC Charge references only allegations of race discrimination, she failed to exhaust a sex discrimination claim. Defendants also argue that, as to both of Schluter's Title VII claims, her complaint, filed on October 22, 2019, was untimely.

For the reasons discussed below, the Court agrees that Schluter failed to timely file her complaint as to her Title VII claims, and that those claims are subject to dismissal.[2]

### B.    Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  Because a plaintiff need not plead around affirmative defenses, that rule "is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations" defense. *Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611, 616 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).  "But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred.  When that is the case," "dismissing the claim under Rule 12(b)(6) is appropriate."  *Id.*  Schluter's is such a case.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will

---

[2] The Court thus declines to address Defendants' separate exhaustion argument as to Schluter's sex discrimination claim.

reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When a court is presented with a motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). All of the documents referred to herein were attached to Schluter's complaint and may be considered by the Court in ruling on Defendants' instant motion. *See Maturen v. Lowe's Home Centers, Inc.*, No. 06-CV-15126, 2007 WL 3173962, at *4 (E.D. Mich. Oct. 26, 2007).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir.

2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C.    Analysis

Defendants assert that Schluter's Title VII race and sex discrimination claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) because she did not file her federal complaint within 90 days of receiving the EEOC's right-to-sue letter, as required by law.  (ECF No. 26, PageID.125-28.)  For the reasons that follow, the Court agrees.

### 1.    Timeliness of the Action

A plaintiff bringing claims under Title VII must file her lawsuit within ninety days after receiving the right-to-sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  "However, actual receipt of a right-to-sue letter by the plaintiff is not required to start the 90-day limitations period." *Bilyeu v. Metropolitan Gov't of Nashville*, 2012 WL 996681, at *4 (M.D. Tenn., March 23, 2012)(quoting *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988); *Hunter v. Stephenson Roofing, Inc*., 790 F.2d 472, 474-75 (6th Cir. 1986)).  As stated in *Bilyeu*:

> Within the Sixth Circuit, a plaintiff is presumed to have received delivery of the right-to-sue letter within five days following the EEOC's mailing of the letter. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*. 209 F.3d 552, 557-58 (6th Cir. 2000); *Banks, supra*.  Thus, unless a plaintiff rebuts this presumption with proof that she did not receive the right-to-sue letter within the five days following the mailing of the letter, the 90 day period will begin to run on the fifth day following mailing of the letter. *Graham-Humphreys*, 209 F.3d at 557.

*Bilyeu, supra*, at *4.

"As many courts have held, 'Title VII's [90] day period applies to pro se plaintiffs, and

even one day's delay is fatal to a claim.'" *Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-12050, 2013 WL 6163220, at *4 (E.D. Mich. Nov. 25, 2013) (collecting cases, and dismissing plaintiff's Title VII and ADEA claims filed 92 days after presumptive receipt of RTS notice as untimely); *see also Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989) (Title VII claims filed one day late were untimely); *Summers v. Walgreen Co.*, No. 15-cv-12836, 2016 WL 1640418, at *3 (E.D. Mich. Apr. 26, 2016) (dismissing plaintiff's ADEA claim filed 91 days after presumptive receipt of EEOC right-to-sue notice as untimely).

In this case, using any of the possible receipt dates urged by Schluter, her complaint is still untimely and thus subject to dismissal.

### a.  July 20, 2019 Receipt Date Asserted in Schluter's Letter to the EEOC

In Schluter's August 5, 2019 letter to the EEOC, she wrote that she "received the Right-to-sue letter July 20, 2019." (ECF No. 1, PageID.12.) Schluter attached this letter to her federal court complaint, making it part of the pleadings. (*Id.*) Using July 20, 2019 as the date of receipt, Schluter's complaint would have been due on or before October 18, 2019. Since she did not file it until October 22, 2019, it was tardy under this approach.

### b.  July 22, 2019 Presumptive Receipt Date

Although the EEOC's right-to-sue letter is dated July 16, 2019, the envelope in which it was mailed is postmarked July 17, 2019. (ECF No. 1, PageID.15-16.) Applying the five-day presumptive receipt rule described above, Schluter is presumed to have received the right-to-sue letter on July 22, 2019. Using that date as her date of receipt, the 90-day period within which Schluter must have filed her lawsuit expired on October 20, 2019, which was a Sunday. Therefore, Schluter was required to have filed her complaint on or before Monday, October 21, 2019. Fed. R. Civ. P. 6(a)(1)(B), (C). Under this approach, her complaint, filed on October 22, 2019, was one

day tardy.

Schluter also argues that she had more time to file her complaint "given that Holidays extend the time, and Labor Day, September 2, 2019 was within this timeframe, thereby making [her complaint] timely." (ECF No. 27, PageID.134.)  This argument fails as it misapprehends the applicable rules.  Contrary to Schluter's assertion, Federal Rule of Civil Procedure 6 makes clear that an intervening holiday (and/or weekend day) only extends a deadline if it falls on the filing's due date:

> When a period is stated in days . . . count every day, including intermediate Saturdays, Sundays, and legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

Fed. R. Civ. P. 6(a)(1)(B),(C).

Thus, while Schluter receives the benefit of an additional day because October 20, 2019, was a Sunday, the fact that the Labor Day holiday took place during the 90-day filing window is immaterial and does not further extend her filing deadline.  *Id.*

### c.  *July 23, 2019 Date Argued by Schluter in Response to Defendants' Motion*

In her response brief, Schluter asserts that she "received [the right-to-sue letter on] Tuesday, July 23, 2019." (ECF No. 27, PageID.133.)  However, Schluter provided no supporting evidence for this assertion.  Nor did she offer any explanation as to why she previously asserted that she received the right-to-sue letter on July 20, 2019.  At the hearing on this matter, the Court questioned Schluter about this discrepancy.  Schluter claimed that she actually received the notice of right to sue on July 23, 2019, and that she had only "estimated" the July 20, 2019 date because that was a Saturday, and she does not collect mail on Saturdays due to "religious" reasons.  This argument fails to defeat Defendants' motion for two reasons.

8

First, Schluter's unsupported (and contradictory) contention about retrieving the mail from her mailbox on July 23, 2019, does not rebut the presumption that she received it on July 22, 2019. In order to rebut the five-day presumption, a plaintiff must set forth sufficient proof that she did not receive the right-to-sue letter within the five-day period, and her own unsupported assertions do not carry this burden. *See e.g., Lacheta v. Madison County Hosp.,* 2009 WL 3515378 (S.D. Ohio, Oct. 28, 2009) (five-day presumption applied because plaintiff failed to offer proof in support of her assertion that she did not receive the right to sue letter); *Ellington v. Consolidated Biscuit Co*., 2008 WL 3914982 (E.D. Ky. Aug. 21, 2008) (plaintiff's contradictory and unsubstantiated evidence of when he received the right-to-sue letter failed to rebut the five-day presumption rule); *Carter v. Jack Daniel's Distillery*, 2002 WL 32059015 (E.D. Tenn. Nov. 26, 2002) (plaintiff's unsubstantiated, self-serving affidavit failed to rebut the five-day presumption rule); *Bilyeu v. Metropolitan Gov't of Nashville*, 2012 WL 996681, at *5 (M.D. Tenn. March 23, 2012) (plaintiff's unsupported assertions and contradictory positions of when she received the right-to-sue letter failed to rebut the presumption).

*Bilyeu* is analogous and instructive. In that case, the EEOC mailed the plaintiff's right-to-sue letter on June 25, 2009. *Bilyeu, supra* at *4. Bilyeu stated that she received the letter on "July 1, 2009, which would have been a holiday weekend and necessarily extended her time to file." *Id*. Defendants argued that this assertion was irrelevant because, due to the 5-day rebuttable presumption, receipt was established on June 30, 2009. *Id*. The Court stated:

> [T]he avenue for relief from application of the presumptive notice rule requires the Plaintiff to set forth proof that she did not receive actual notice within the five day period. The Plaintiff has not satisfied this burden with any type of supporting evidence. Furthermore, her own unsupported arguments offer contrary positions of when she received the right-to-sue letter. . . . [I]n one of her filings she contends that she received the right-to-sue letter "on or about July 1, 2009," . . . . yet in her Reply Brief to Defendants' Response to her own Motion for Summary Judgment she

contends that she received the right-to-sue letter "on or around July 30th [2009]."

*Id*.

The court ultimately held, "[g]iven the lack of proof from the Plaintiff of when she received the right-to-sue letter, the Court finds the presumptive receipt rule of *Graham-Humphreys* applies, and the Plaintiff shall be deemed to have received the right-to-sue letter on June 30, 2009." *Id*. Using that date, the plaintiff was required to have filed her complaint by September 28, 2009. *See id*. at *5. However, because she did not file it until September 29, 2009, it was one day late, and subject to dismissal. *Id*.

Schluter's case is very similar to *Bilyeu* in that (1) Schluter offers no proof to support her self-serving contention that she did not receive the right-to-sue letter until July 23, 2019, and (2) her contention contradicts her earlier unequivocal assertion that she received the right-to-sue letter on July 20, 2019. (ECF No. 1, PageID.16; ECF No. 34, PageID.153.) Moreover, Schluter's contention that she does not retrieve mail on Saturdays for religious reasons is immaterial considering that the five-day presumptive receipt date was *Monday*, July 22, 2019. In short, Schluter did not rebut the presumption that she received the right-to-sue letter on July 22, 2019.

Second, even if the Court construed Schluter's new assertion of having received the right-to-sue letter on July 23, 2019, as a request for leave to amend her complaint, and accepted that date as fact, the result would be the same. Using a receipt date of July 23, 2019, Schluter's deadline for filing her Title VII complaint was October 21, 2019,[3] and her complaint was still one day late.

For all of the above reasons, this is a case where the plaintiff's own allegations "affirmatively prove" that her claims are time-barred under the 90-day deadline in 42 U.S.C. §

---

[3] October 21, 2019 was a Monday, and, as explained above, *supra* at 8, intervening holidays are immaterial in determining a filing's due date.

2000e-5(f)(1).   *See Engleson*, 723 F.3d at 616; *Cataldo*, 676 F.3d at 547.   Accordingly,

Defendants' Rule 12(b)(6) motion to dismiss should be granted.

### 2.      Equitable Tolling

Although Schluter did not argue that the equitable tolling doctrine should save her untimely

complaint, Defendants persuasively argue that equitable tolling ought not to apply.  "Even where

a plaintiff misses the filing deadline by only one day, [the Court] will not excuse this failure if

other circumstances do not justify equitable tolling."  *McKibben v. Hamilton Cty.*, No. 99-3360,

2000 WL 761879, at *3 (6th Cir. May 30, 2000) (noting that "[p]rocedural requirements

established by Congress for gaining access to the federal court are not to be disregarded by courts

out of vague sympathy for particular litigants.' ") (citation omitted).  In determining whether to

grant equitable tolling, the Court considers the following factors:

> (1) lack of notice of the filing requirement; (2) lack of constructive
> knowledge of the filing requirement; (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the defendants; and (5) the plaintiff's
> reasonableness in remaining ignorant of the particular legal requirement for
> filing the claim.

*Bilyeu*, at *5.

Schluter's own pleadings and an analysis of the above factors show that she is not entitled

to the benefit of equitable tolling.  Schluter has not alleged that she lacked actual or constructive

notice of the filing requirement.  Nor could she, as the notice she acknowledges receiving

specifically sets forth the filing requirement.  (ECF No. 1, PageID.15.)  Moreover, Schluter's own

pleadings show that she knew she needed to act promptly.  The envelope she provided with her

complaint contains a handwritten note stating, "Sue ASAP," and when she wrote to the EEOC on

August 5, 2019, she asserted that she received the right-to-sue letter on July 20, 2019.  (*Id.*,

PageID.12, 16.)  These same facts show that the diligence and reasonableness factors cut against

her. Finally, while generally a one-day delay may cause little prejudice, as the court in *Graham-Humphreys* stated, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Graham-Humphreys,* 209 F.3d 552, 561 *(*quoting *McNeil v. United States,* 508 U.S. 106 (1993)). And, as in *Bilyeu,* even complaints filed one day beyond the deadline are subject to dismissal.

For all of these reasons, Schluter failed to timely file her Title VII race and sex discrimination claims, and Defendants' motion to dismiss those claims (ECF No. 26) should be granted.

## III.    CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion to Partially Dismiss Plaintiff's Complaint **(ECF No. 26)** be **GRANTED**, and that Schluter's Title VII race and sex discrimination claims be dismissed. Moving forward, only Schluter's FLSA claim will remain.

Dated: October 20, 2020                              s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                    United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will

be preserved for the Court's appellate review; raising some objections but not others will not

preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir.

2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR

72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the objections.

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
