UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER SCHLUTER,

        Plaintiff,                       Civil Action No. 19-cv-13092

v.                                         Honorable Bernard A. Friedman
                                               Magistrate Judge David R. Grand

ENCORE REHABILITATION SERVICES,
LLC, Drita (LNU), and Morgan Decker,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S REMAINING CLAIM *SUA SPONTE*

**Factual and Procedural Background**

This is an employment discrimination case brought by *pro se* Plaintiff Jennifer Schluter ("Schluter") against her former employer, Encore Rehabilitation Services, LLC, and two of its employees (collectively, "Defendants"). The Court entered an Order of Reference on May 11, 2020, referring all pre-trial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 23.) On October 20, 2020, the undersigned issued a Report and Recommendation (the "R&R") to grant Defendants' Motion to Partially Dismiss Plaintiff's Complaint. (ECF No. 35.) Despite the fact that the R&R expressly advised the parties that they had 14 days to file any objections to the R&R (*id.*, PageID.167-68), neither party filed any. On November 9, 2020, the Court adopted the R&R. (ECF No. 38.)

In its R&R, the Court explained this case's somewhat unusual procedural posture, and provided a detailed recitation of the facts as alleged by Schluter, which the Court incorporates herein by reference. (ECF No. 35, PageID.156-59.) For purposes of this Report and

Recommendation, it suffices to say that Schluter initially asserted claims for race and sex[1] discrimination under Title VII – which have now been dismissed – and an additional claim that she seemed to be bringing either pursuant to the Equal Pay Act or the Fair Labor Standards Act, as she made vague references to both statutes in her complaint.

Considering Schluter's *pro se* status and the lack of clarity surrounding her claim that remained pending following the adoption of the R&R, the Court convened an informal telephonic conference on November 10, 2020, with Schluter and Defendants' counsel to discuss the case and to urge them to explore the resolution of any remaining claims. Another conference call was then scheduled for November 24, 2020. Just prior to the November 24th call, Schluter filed a document entitled, "Plaintiff's Response to Honorable David R. Grand's Suggestion to Engage in Settlement Efforts to Resolve the Above Referenced Matter." (ECF No. 40.)

Schluter's filing clarifies her sole remaining claim is an Equal Pay Act claim:

> . . . given that I can no longer pursue this Title VII claim[s that were dismissed], I will move on with the remaining part of my complaint of wage discrimination, based on Race, of unequal pay, wherein I maintain that "White employees with less experience, education and seniority were paid more than me."
>
> WHEREFORE, **Plaintiff believes that Equal Pay claims are permitted based on Race**; thus, respectfully requests this Court to allow this matter to move forward.
>
> Respectfully submitted,
>
> Jennifer Schluter

---

[1] As the Court explained in the R&R, Schluter's EEOC Charge, which bore her digital signature, "alleged only race discrimination and made no mention whatsoever – not even a hint – of sex discrimination . . ." (*Id.*, PageID.157-58.) Moreover, nowhere else in the various papers that comprise Schluter's "complaint" did she make a single *factual* averment about sex discrimination. (ECF No. 1.) Rather, the few assertions she did make focused on alleged race discrimination. (*See, e.g., id.*, PageID.10-11) ("Throughout my entire employment experience, I was an excellent employee, who was disparately treated in that *white employees*, with less experience, education and seniority were paid more than me . . .") (emphasis added).

2

(*Id.*, PageID.177) (emphasis added.)

In short, Schluter has clarified that her sole remaining claim is that she was discriminated against in violation of the Equal Pay Act due to her allegedly being paid less than similarly situated white employees.[2] For the reasons explained below, this "claim" fails as a matter of law, and its dismissal pursuant to 28 U.S.C. § 1915(e) is appropriate.

**Legal Standards**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court is required to construe Schluter's *pro se* filings liberally and hold them to a less stringent standard than ones drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, Schluter's assertion that Defendants violated her rights under the Equal Pay Act by paying her less than similarly-situated white employees fails to state a claim upon which relief may be granted. Accordingly, Schluter's sole remaining claim should be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B).

**Analysis**

Schluter's remaining claim fails as a matter of law because the Equal Pay Act applies *only* to alleged discrimination based on *sex*, and Schluter makes clear that she believes she was discriminated against on the basis of *race*. The Equal Pay Act prohibits discrimination "between

---

[2] The Fair Labor Standards Act, 29 U.S.C. § 203 ("FLSA"), "requires employers to pay a minimum wage and overtime to certain employees . . ." *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 830 (6th Cir. 2019). None of Schluter's filings contain any allegations that would implicate such a claim. Accordingly, Schluter has failed to state a claim for relief under the FLSA.

employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex." 29 U.S.C. § 206(d)(1). To allege an Equal Pay Act claim, a plaintiff must allege that she performed a job that required substantially equal skill and effort, but was paid less than similarly situated employees of the opposite sex. *See Corning Glassworks v. Brennan*, 417 U.S. 188, 195 (1974). A pay discrepancy based on race would be reprehensible, but it is not actionable under the Equal Pay Act. As one federal district court recently explained:

> To establish a prima facie case of discrimination pursuant to the Equal Pay Act, a plaintiff must show that (1) the employer pays different wages to employees of the opposite sex, (2) the employees perform equal work in jobs requiring equal skill, effort and responsibility, and (3) the jobs are performed under similar working conditions. *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). Thus, a plaintiff can succeed on an Equal Pay Act claim only if he or she is alleging a pay disparity based on gender, **not race,** national origin, or any other protected class membership. *See Campbell v. Corr. Med. Care, Inc.*, 14-CV-6136, 2014 WL 2608334, at *2 (W.D.N.Y. June 11, 2014) (dismissing Equal Pay Act claim where the plaintiff alleged disparate pay because of her race, not her gender); *Lyman v. NYS OASAS*, 928 F. Supp. 2d 509, 528 (N.D.N.Y. 2013) (D'Agostino, J.) (dismissing Equal Pay Act claim where the plaintiff did not allege that he was paid less than female employees who held jobs meeting the other requirements of that claim); *Boyar v. City of New York*, 10-CV-0065, 2010 WL 4345737, at *6 (S.D.N.Y. Oct. 28, 2010) (dismissing Equal Pay Act claim because "[t]he assertion of an Equal Pay Act claim in a complaint that does not allege sex discrimination in any fashion is frivolous"); *Lanzo v. City of New York*, 96-CV-3242, 2000 WL 804628, at *3 (E.D.N.Y. May 18, 2000) (dismissing Equal Pay Act claim where the plaintiff alleged pay disparity based on race only).

*Doroz v. DeIorio's Foods, Inc.*, 437 F. Supp. 3d 140, 157 (N.D.N.Y. 2020).

Countless other courts have agreed that "the Equal Pay Act, which amended the Fair Labor Standards Act, prohibits only sex discrimination, not race discrimination." *Alexander v. Unified Solution*, No. 03–C–0157, 2006 WL 2105097 at *7 (E.D. Wis. July 26, 2006). *See also Parker v. Dial Equities, Inc.*, No. 1:10-CV-195, 2011 WL 2745965, at *1 (W.D. Mich. June 14, 2011) (citing *Alexander*); *Conti v. American Axle and Mfg., Inc.*, 326 Fed. Appx. 900, 913 (6th Cir. 2009) ("[t]he

4

Equal Pay Act prohibits employers from paying an employee at a rate less than that paid to employees of the opposite sex for equal work"); *Romine v. Johnson*, No. 5:11-CV-2373-JHH-RRA, 2013 WL 12349462, at *1 (N.D. Ala. Mar. 6, 2013) ("'[t]he Equal Pay Act applies to pay discrimination on only the basis of sex' and not on the basis of race").

For all of the foregoing reasons, Schluter's purported Equal Pay Act claim, which, in her words, is "based on race," fails as a matter of law. Accordingly, dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

**Conclusion**

For the reasons set forth above, the Court **RECOMMENDS** that Schluter's sole remaining claim under the Equal Pay Act be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), and that this case be **DISMISSED**.

Dated: December 2, 2020  s/David R. Grand
Ann Arbor, Michigan   DAVID R. GRAND
    United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

5

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2020.

                                                  s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager