UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER SCHLUTER,

    Plaintiff,                                              Civil Action No. 19-CV-13092

vs.                                                    HON. BERNARD A. FRIEDMAN

ENCORE REHABILITATION
SERVICES, LLC, et al.,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

**and**

**ORDER DISMISSING PLAINTIFF'S CLAIMS UNDER THE
EQUAL PAY ACT AND THE FAIR LABOR STANDARDS ACT**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge David R. Grand [docket entry 41], who recommends that the Court dismiss the complaint for failure to state a claim. Plaintiff has filed timely objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo any part of the R&R "that has been properly objected to."

This is an employment discrimination case in which plaintiff, a physical therapist, alleges that she has been "unlawfully discriminated against, harassed and disparately treated because of my race (African-American) and gender (female)." PageID.11. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which she alleged that her employer, Encore Rehabilitation Services, LLC ("Encore) violated her rights under Title VII of the Civil Rights Act of 1964 by discriminating against her based

on her race. PageID.13. She alleged that defendant did so by changing her schedule, taking patients away from her, refusing to work with her, paying her lower wages than similarly situated white employees, disciplining her for a patient complaint but not disciplining white therapists, changing her work location, and demoting her. *Id.* The EEOC issued a right-to-sue letter on July 16, 2019. PageID.15. Plaintiff commenced the instant action on October 22, 2019. Following the magistrate judge's recommendation, to which plaintiff did not object, the Court dismissed plaintiff's Title VII claims because plaintiff did not file suit within ninety days of receiving her right-to-sue letter.

Plaintiff's complaint also appears to assert a claim under the Fair Labor Standards Act ("FLSA"). *See* PageID.1, PageID.3. Her references to "unequal pay," *see, e.g.,* PageID.18, also suggest she may intend to pursue a claim under the Equal Pay Act. Recently, in response to the magistrate judge's inquiry, plaintiff indicated that she "will move on with the remaining part of my complaint of wage discrimination, based on Race, of unequal pay, wherein I maintain that 'White employees with less experience, education and seniority were paid more than me.'" PageID.177 (quoting the Complaint, *see* PageID.10).

The magistrate judge believes plaintiff intends to proceed under the Equal Pay Act which, as he correctly notes in his R&R, provides a remedy only for pay disparities based on gender, not based on race. He therefore recommends that the complaint be dismissed insofar as it may be construed as asserting a claim under the Equal Pay Act. The magistrate judge also recommends that the complaint be dismissed insofar as the complaint may be construed as asserting a claim under the FLSA, as plaintiff does not allege that defendant failed to pay her a minimum wage or for overtime. As claims under the Equal Pay Act and/or the FLSA are

2

plaintiff's only remaining claims, the magistrate judge recommends that the complaint be dismissed.

> In her objections, plaintiff states:
>
> 4. Although my Title VII complaint was dismissed, . . . I firmly believe that I can, and am permitted to, pursue a wage discrimination claim under the Equal Pay Act, in that Encore paid different amounts for work that I performed under the same working conditions.
>
> 5. Also, race-based wage discrimination is prohibited by Title VII . . . which makes it illegal for an employer to discriminate based on race.  Further, it is illegal for an employer to make an employment decision with regard to any terms of employment based on race, color, or national origin.
>
> 6. Having previously satisfied the requirements of filing a claim with  EEOC and receiving a Right to Sue Letter, it is my firm belief that Encore engaged in race-based wage discrimination; thus, my request to continue my race-based wage discrimination claim under the Equal Pay Act.

Pl.'s Obj. at 2 (PageID.187).

Plaintiff correctly observes that Title VII prohibits race-based wage discrimination.  But the Court has dismissed plaintiff's Title VII claims because plaintiff failed to file suit within ninety days of receiving a right-to-sue letter from the EEOC.  Plaintiff's effort to "continue my race-based wage discrimination claim under the Equal Pay Act" is unavailing, as the Equal Pay Act remedies gender-based, not race-based, wage discrimination.  *See* 29 U.S.C. § 206(d)(1).  Nor may plaintiff proceed under the FLSA, as she does not allege that defendant failed to pay her a minimum wage or for overtime.

The Court concludes that plaintiff has failed to show any error in the magistrate judge's analysis or recommendation.  Having reviewed the parties' motion papers, the R&R, and

3

plaintiff's objections, the Court further concludes that the magistrate judge's analysis is sound and that his recommendation should be followed. Accordingly,

IT IS ORDERED that Magistrate Judge Grand's R&R is accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's claims under the Equal Pay Act and the FLSA are dismissed.

                                                  s/Bernard A. Friedman  
                                                  Bernard A. Friedman  
Dated: December 17, 2020          Senior United States District Judge  
       Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2020.

Jennifer Schluter                           s/Johnetta M. Curry-Williams  
42102 Fountain Park Drive              Case Manager  
South #212  
Novi, MI 48375